# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 3, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| A.P., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 14-894V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 2, 2019, A.P. ("Petitioner") filed a motion for attorney's fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 152). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$35,040.93**.

### I.     Procedural History

On September 23, 2014, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered from small fiber neuropathy, Guillain-Barré syndrome ("GBS"), and chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of an influenza vaccine he received on October 3, 2012. Pet. at Preamble (ECF No. 1). On

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

June 17, 2019, the parties filed a stipulation, which I adopted as my Decision awarding compensation on June 26, 2019. Decision, ECF No. 148.

On August 2, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorneys, Ms. Nancy Meyers and Ms. Lisa Roquemore, in the total amount of $35,040.93, representing $16,203.50 in attorneys' fees and $7,338.53 in costs incurred by Ms. Meyers and $11,498.90 in fees incurred by Ms. Roquemore. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner states that he has not personally incurred any costs related to the litigation of this matter. Fees App. Ex. 1 at 2. Respondent reacted to the fees motion on August 6, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 153). Petitioner filed a reply on August 7, 2019 concurring with Respondent. ECF No. 154. The matter is now ripe for adjudication.

## II. Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following rates of compensation for his attorneys: for Ms. Nancy Meyers, $375.00 per hour for work performed in 2018 and $390.00 per hour for work performed in 2019; and for Ms. Lisa Roquemore, $409.00 per hour for work performed in 2017-2018 and $421.00 per hour for work performed in 2019. I have reviewed these rates and find them to be reasonable and consistent with what Ms. Meyers and Ms. Roquemore were previously awarded by the undersigned in the interim fees decision, and the rates requested for 2019 work are also consistent with what other special masters have awarded them. Accordingly, the rates sought herein are reasonable.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final

attorneys' fees of **$16,203.50** for the work of Ms. Meyers and **$11,498.90** for the work of Ms. Roquemore.

### b. Attorneys' Costs

Like attorney's fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $7,338.53. Fees App. at 1. This amount is comprised of work performed by Petitioner's economic expert and costs associated with mediation. Petitioner has provided adequate documentation supporting all these costs and upon review, I find them to be reasonable. Accordingly, Petitioner is entitled to final attorneys' costs of **$7,338.53**.

## III.    Conclusion

In accordance with the foregoing, Petitioner's motion for attorney's fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorney's fees and costs as follows:

1) **a lump sum in the amount of $23,542.03, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Ms. Nancy Meyers, Esq.; and**

2) **a lump sum in the amount of $11,498.90, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and Ms. Lisa Roquemore, Esq. [3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).